IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves *a/k/a Kathy Juanita Reaves*, ) | Case No.: 4:23-cv-03847-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| ) | |
| Travis Washington, Dr. Rechel Anderson, ) | |
| Jasper County Board of Education, Kathryn ) | |
| M. Crews, Cathy Hazelwood, South Carolina ) | |
| Department of Education, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Kathy Reaves *a/k/a Kathy Juanita Reaves* ("Reaves" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this Complaint alleging "violation of her rights secured under 42 USC 1983, 1988, Fair Credit Reporting Act, 28 CFR 16.34, Privacy Act of 1974, 49 CFR 801.56, 5 USC 552 and the Fourteenth Amendment to the United States Constitution."  (DE 1, p. 2.) Plaintiff alleges that a Georgia police report was keyed as a warrant and keyed again into South Carolina law enforcement systems, resulting in her fourteen-hour detainment in South Carolina

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

after a traffic stop and allegations that such warrant/arrest record affects her employment opportunities. (DE 1.)

Since Reaves filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on August 23, 2023, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended summary dismissal of the complaint with prejudice, without issuance of service of process, and without leave to amend as "duplicative and frivolous." (DE 8, p. 6.) The Report further recommended that this Court consider issuing a narrowly tailored prefiling injunction for any new Complaint filed by Plaintiff and that Plaintiff be ordered to file a "Motion for Leave to File Pursuant to Court Order" prior to filing any subsequent, related action. (Id.)

Reaves filed an objection to the Report on August 30, 2023 (DE 12); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any

explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing Plaintiff's response to the Report, the Court gleans the following two "objections" to the Report, which the Court will discuss in turn. First, Plaintiff objects to the Report's characterization of duplicative and frivolous lawsuits because the "Court in the United States District Court of the District of South Carolina lacks jurisdiction to act over matters pertaining to Georgia[,]" and the question "before this court is whether or not a warrant was ever received into their jurisdiction by the South Carolina Law Enforcement Division." (DE 12, pp. 16-18.) Nevertheless, Plaintiff repeats allegations and evidence that is indeed duplicative of other pending actions referenced in the Report. For example, this case is the twelfth lawsuit concerning Plaintiff's Georgia warrant and South Carolina arrest. Plaintiff alleges "the claims arise from an August 2021 incident[,]" and SLED reported a Georgia warrant that was not a warrant. (DE 1, p. 2.)

Plaintiff's allegations regarding § 1983 are the same as against educational defendants in Case Number 4:22-cv-318-JD-TER, in which educational defendants were summarily dismissed. Plaintiff alleges here and in the prior action that Defendants denied her a teacher certification, which she alleges denies her rights to life, liberty, and pursuit of happiness. (DE 1, p. 14.) The Fourth Circuit prohibits "claim splitting," such as the claims involving a Georgia warrant and a South Carolina arrest. See Lee v. Norfolk S. Ry. Co., 802 F.3d 626, 635 (4th Cir. 2015)(quoting Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 Fed. Appx. 256, 265 (4th Cir.2008) (the rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.") The Court, therefore, overrules this objection.

Next, Plaintiff purports to object to the Report's recommendation of imposing a pre-filing injunction for future lawsuits filed by Plaintiff. However, Plaintiff merely alleges facts regarding an allegedly false booking report and raises questions about those facts. For example, Plaintiff states,

> The fundamental question is[,] after two years this booking report has been sitting at the Marlboro County jail the warden would issue an affidavit two years later, talking about 'yeah that's her the plaintiff was arrested on driving under suspension and speeding over 15 mph and blah blah blah showing the index of the Marlboro County traffic court case showing oh she has a pending case in traffic court . . . .

(DE 12, pp. 27-28.) Plaintiff insists the facts show "a serial pattern of civil rights violations" involving different defendants. Still, she has not provided a basis for the Court to reject the pre-filing injunction recommendation. Conversely, the Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report. The Magistrate ably weighed all four Cromer factors in favor of an injunction. See Cromer v. Kraft Foods N. Am. Inc., 390 F.3d 812, 818 (4th Cir. 2004). Therefore, this Court overrules this objection.

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it by reference.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed with prejudice, without the issuance of service of process, and without leave to amend. Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.

Further, Plaintiff is **ORDERED** to accompany any newly filed Complaint with a "Motion for Leave to File Pursuant to Court Order," which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-

filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a "Motion for Leave to File Pursuant to Court Order" submitted by Plaintiff.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 25, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.