IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves *a/k/a Kathy Juanita Reaves*, | Case No.: 4:23-cv-03847-JD-TER |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Travis Washington, Dr. Rechel Anderson, Jasper County Board of Education, Kathryn M. Crews, Cathy Hazelwood, South Carolina Department of Education, | |
| Defendants. | |

This matter is before the Court on Plaintiff Kathy Reaves's ("Reaves" or "Plaintiff") Rule 60 Motion to Vacate Order of Dismissal (DE 25) dated January 25, 2024, and Motion under 28 U.S.C. Section 144 Against Terry L. Wooten to remove him from the case.[1] (DE 29.) Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this Complaint alleging "violation of her rights secured under 42 USC 1983, 1988, Fair Credit Reporting Act, 28 CFR 16.34, Privacy Act of 1974, 49 CFR 801.56, 5 USC 552 and the Fourteenth Amendment to the United States Constitution." (DE 1, p. 2.) Plaintiff alleges that a Georgia police report was keyed as a warrant and keyed again into South Carolina law enforcement systems, resulting in her fourteen-hour

---

[1] Reaves's motion under 28 U.S.C. § 144 asserts bias against the Honorable Terry L. Wooten, Senior United States District Judge for the District of South Carolina, and seeks his removal from this case. This matter is denied as moot because Judge Wooten did not rule on the dismissal order (DE 25) and is no longer assigned to this case (DE 23).

1

detainment in South Carolina after a traffic stop and allegations that such warrant/arrest record affects her employment opportunities. (DE 1.) On January 25, 2024, this Court adopted the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers ("Report and Recommendation" or "Report") and ordered that,

> Plaintiff's Complaint is dismissed with prejudice, without the issuance of service of process, and without leave to amend. Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is ORDERED to accompany any newly filed Complaint with a "Motion for Leave to File Pursuant to Court Order," which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a "Motion for Leave to File Pursuant to Court Order" submitted by Plaintiff.

(DE 25, pp. 4-5.) Reaves did not appeal the order. Nevertheless, Reaves has moved to

> Vacate Orders of Dismissal with prejudice ruled by Terry L. Wooten and Motion to Remove him from this case pursuant to 28 USC Section 144 racial and biased judge and violation of GA General Assembly's local legislation under 1974 Ga Laws 2410 at 2417, section 12, and section 2; violation of 1984 Ga Laws 4467, at 44 71, section 2(b) granting relief to SC defendants in this jurisdiction on a GA municipality warrant that was illegally obtained by SC Attorney Jerome Scott Kozacki, SLED

> lawyer who filed the invalid Richmond County municipality warrant in SC federal court under 4:22-cv-318-TLW-TER of which this Court in SC used to grant SC, SC officials and SC agencies relief on the arrest of Plaintiff in this jurisdiction on a GA warrant . . . .

(DE 29, p.1.)

## LEGAL STANDARD

Rule 60(b), Fed. R. Civ. P., allows a party to obtain relief from a final judgment based on the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. "The powers reflected in Rule 60(b) are subject to limitations imposed by the rule itself and by precedent." *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003). "The rule establishes time limits for motions alleging certain grounds for relief. Judicial decisions, meanwhile, have described the limits of relief available under particular components of the rule." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 86364 (1988) (discussing the proper use of Rule 60(b)(6)'s "catch-all" provision)).

> Also, the rule provides a remedy that 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.' A motion under Rule 60(b) must be timely brought, and the movant assumes 'the burden of showing a meritorious defense against the claim on which judgment

3

was entered as a threshold condition to any relief whatsoever under the Rule.'

*McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (internal citations omitted.)

## DISCUSSION

Turning to Reaves's motion to vacate, the motion rehashes Reaves's previous arguments regarding the validity of a Georgia warrant and her charge of bias against Judge Wooten, among other things. The Court notes that Judge Wooten did not issue any orders in this case, and Reaves has not addressed the Rule 60 grounds for relief in her motion. Since Reaves has not met her burden of showing a meritorious defense against the claims on which judgment was entered, her motion must be denied. *See McLawhorn*, 924 F.2d at 538; *see also United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them."); *Reaves v. City of Mullins*, No. 4:07-1487-TLW-TER, 2010 WL 2871117, at *2 (D.S.C. July 22, 2010), aff'd, 420 F. App'x 297 (4th Cir. 2011) ("Plaintiffs have failed to provide the Court with any new facts, evidence, or legal arguments which would justify granting a motion for relief from judgment.").

## CONCLUSION

For these reasons, the Court denies Plaintiff's Rule 60 Motion to Vacate Order of Dismissal (DE 29) and denies as moot Plaintiff's motion under 28 U.S.C. Section 144 to remove Judge Wooten from the case.

4

**IT IS SO ORDERED.**

September 16, 2024  
Florence, South Carolina

Joseph Dawson, III  
United States District Judge